IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00173-CMA-MEH

WILLIAM ALLEN GREGG,

    Applicant,

v.

RICK RAEMISCH, Executive Director of CDOC, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING MOTION TO RULE ON CLAIM**

---

The matter is before the Court on Respondents' Motion to Vacate Evidentiary Hearing and Rule on Claim, filed on May 30, 2017. (Doc. # 34.) Applicant William Allen Gregg, through counsel, filed a Response to the Motion (Doc. # 40) and the Respondents filed a Reply (Doc. # 41). On August 14, 2017, the Court granted the Motion in part, as to the request to vacate the evidentiary hearing. (Doc. # 44). As to Respondents' request to rule on the claim, the Court denies the Motion for the reasons discussed below.

### I.     BACKGROUND

On December 19, 2016, the Court issued an order dismissing all of Mr. Gregg's § 2254 habeas claims, except for Claim 4(a), in which he alleged ineffective assistance by his trial counsel for failure to investigate his alibi. (Doc. # 23.) In their initial Answer

to Mr. Gregg's Application, Respondents had argued that Claim 4(a) was procedurally defaulted. (Doc. # 19 at 22–23.) The Court determined that even if the claim was procedurally defaulted, the default may be excused based on *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. # 23 at 34–35.) In the Court's view, the state court record was insufficient to determine if Mr. Gregg's ineffective assistance of trial claim was "substantial" under *Martinez* and, therefore, it determined that an evidentiary hearing was necessary. (*Id.* at 43–45.) The Federal Public Defender was appointed to represent Mr. Gregg for the evidentiary hearing (*id.* at 46), which was scheduled for September 19, 2017 (Doc. # 26). On May 30, 2017, Respondents filed the Motion to Vacate Evidentiary Hearing and Rule on Claim now before the Court. (Doc. # 34.)

## II. ANALYSIS OF RESPONDENTS' MOTION TO VACATE EVIDENTIARY HEARING AND RULE ON CLAIM

Respondents now argue, contrary to the assertion they made in their Answer (Doc. # 19), that the state courts adjudicated Mr. Gregg's Claim 4(a) on the merits. (Doc. # 34 at 5.) If the claim was denied on the merits, this Court must apply the deferential standards of § 2254(d). Thus, the question for the Court is whether the Colorado Court of Appeals ("CCA") denied Mr. Gregg's ineffective assistance of counsel ("IAC") claim on the merits or on an independent and adequate state procedural ground.

### A. THE CCA OPINION

The CCA's opinion regarding Claim 4(a) stated:

> *B. Inadequate Investigation of Alibi Defense*
>
> Defendant also contends that his counsel was ineffective because counsel did not investigate and present an alibi defense to his first and third robberies.

2

In his Crim. P. 35(c) motion for post-conviction relief in the consolidated robbery cases, defendant only challenged counsel's failure to investigate his alibi with respect to the first robbery. He argued that (1) he "was someplace else when the first bank robbery occurred and with today's availability of photographic evidence, had counsel conducted reasonable investigations, i.e., investigations [defendant] asked counsel to conduct; counsel would have been able to discover and present alibi evidence"; and (2) "had counsel cast doubt on the first bank robbery, there is also a reasonable probability that doubt would have been cast on the third robbery as well." Defendant did not identify any specifics regarding where he was on the day of the first robbery or what evidence counsel would have discovered had he investigated this defense.

The district court found that "[d]efendant has failed to offer any specific description of the facts which support this alibi defense, no[r] has he provided any exhibits or affidavits that would support the existence of an alibi defense." Thus, the court concluded that defendant's "unsupported and conclusory allegations are not sufficient to establish that a valid defense existed."

We agree with the district court's assessment of defendant's allegations in this regard. Because defendant alleged ineffective assistance on this point without providing the district court with any specific facts regarding his alibi or what counsel should have investigated, the court properly denied this claim without a hearing. *See Osorio*, 170 P.3d at 800; *see also People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003) (The defendant's allegations of deficient performance were insufficient because they did not explain what "counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case.").

Defendant argues otherwise, identifying in his appellate briefs allegations of facts which he believes, if investigated by counsel, would have established a meritorious alibi defense. Defendant did not allege these facts in his Crim. P. 35(c) motion.

> Ultimately, we are constrained by the contents of the record presented to us: A party "cannot overcome the lack of information in the record by statements in the briefs." *Fendley v. People*, 107 P.3d 1122, 1125 (Colo. App. 2004); *see McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004) (statements in briefs may be disregarded absent record support); *Subsequent Injury Fund v. Gallegos*, 746 P.2d 71, 73 (Colo. App. 1987) ("[T]he statements of counsel may not substitute for that which must appear of record."); *see also* Sylvia H. Walbolt & Susan L. Landy, *Pointers on Preserving the Record*, 25 Litig. 31, 31 (1999) ("[S]omething that does not make it into the record never happened for purposes of appeal.").
>
> Because the "new" factual allegations appearing in defendant's briefs were not presented to the trial court, we do not consider them on appeal. *Cf. People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) (allegations not raised in a Crim. P. 35(c) motion to the trial court are not properly before the court on appeal).
>
> The district court properly denied this aspect of defendant's ineffective assistance of counsel claim without a hearing.

(Doc. # 11-16 at 9–12.)

**B.    EXHAUSTION AND PROCEDURAL DEFAULT**

A state prisoner seeking federal habeas corpus relief generally is required to exhaust available state court remedies prior to filing suit in federal court. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). This requires an applicant to have "fairly presented" his claims to the state courts. *See Castille v. Peoples,* 489 U.S. 346, 351 (1989). As a general rule, fair presentment means that the federal issues have been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks,* 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan.*

4

*State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994)); *see also Selsor v. Workman,* 644 F.3d 984, 1026 (10th Cir. 2011) ("To exhaust a claim, a state prisoner must pursue it through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors").

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

### 1. Ineffective Assistance of Counsel Claim Regarding Third Robbery

Although not discussed by the Respondents or Mr. Gregg, the CCA's opinion specifically stated that in Mr. Gregg's Colorado Rules of Criminal Procedure Rule 35(c) postconviction motion, he only presented an IAC claim regarding failure to investigate his alibi for the first robbery. Therefore, his IAC claim regarding failure to investigate his alibi for the **third** robbery was never presented to the state courts. As such, his IAC claim as to the third robbery is unexhausted, but anticipatorily defaulted because any

5

attempt to raise the claim in state court now would be rejected as untimely under C.R.S. § 16-5-402, or barred as an abuse of process under Colo. Crim. P. Rule 35(c)(3)(VII) (stating that postconviction court shall deny any claim that could have been raised in prior appeal or postconviction proceeding).

As the IAC claim regarding the third robbery was anticipatorily defaulted, the default may be excused based on *Martinez v. Ryan*. Therefore, Respondents' motion to rule on the claim is denied as to this part of Claim 4(a).

### 2. Ineffective Assistance of Counsel Claim Regarding First Robbery

The difficult issue in Respondents' Motion is whether the CCA's denial of Mr. Gregg's IAC claim as to the **first** robbery was on an independent and adequate state procedural ground or on the merits.

Mr. Gregg maintains that his claim was dismissed for failure to comply with Colorado Rule Crim. P. 35(c), which is an independent and adequate state procedural ground. In making his argument, Applicant cites to the Respondents' own words, when they stated the following in their Answer:

> This state rule requiring specificity in the presentation of facts is independent and adequate to establish a procedural default on federal habeas review. It is neither dependent on, nor interwoven with, federal law. And as demonstrated by the CCA's cited cases and others, it is well-established and regularly followed. See ECF No. 11-16 at 10 (citing cases); *see also, e.g., People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (refusing to review postconviction claims given defendant's "failure to adequately specify the errors and legal grounds for relief" in the district court); *People v. Venzor*, 121 P.2d 260, 262 (Colo. App. 2005) (postconviction claims that are "bare and conclusory in nature, and lack supporting factual allegations," may be denied without a hearing and without appointing counsel*); People v. Clouse*,

> 74 P.3d 336, 341 (Colo. App. 2002) ("[B]ecause the motion
> contained only conclusory allegations . . . it was still subject
> to summary dismissal by the trial court.")

(Doc. # 40 at 2 (citing Doc. # 19 at 23)).

According to Mr. Gregg, the CCA denied his claim because it was inadequately pled and did not meet the requirements of Colorado Rule Crim. P. 35(c). Mr. Gregg argues that this situation is exactly the type of situation that the Supreme Court was concerned with in *Martinez*. The *Martinez* Court stated:

> Without the help of an adequate attorney, a prisoner will have . . . difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim. Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. *Halbert*, 545 U.S., at 619, 125 S.Ct. 2582. To present a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney. . . .
>
> The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. Cf., *e.g., id.,* at 620–621, 125 S.Ct. 2582 (describing the educational background of the prison population). While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.
>
> A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system.

*Martinez v. Ryan*, 566 U.S. at 11–12.

In contrast, Respondents now argue that when an IAC claim is dismissed as "vague and conclusory," it is an adjudication on the merits. Respondents cite to numerous unpublished cases from this district, as well as an unpublished Tenth Circuit case, which states: "We conclude that the Colorado Court of Appeals's decision was not contrary to or an unreasonable application of federal law because [Applicant] made no more than vague and conclusory allegations to support his conspiracy claim." (Doc. # 34 at 5 (citing *Weatherall v. Sloan*, 415 F. App'x 846, 849 (10th Cir. 2011)). The Tenth Circuit further explained in a footnote that:

> The Colorado Court of Appeals cited to *People v. Rodriguez*, 914 P.2d 230 (Colo. 1996), and *Hooker v. People*, 173 Colo. 226, 477 P.2d 376 (1970), which stand for the rule that a court may summarily deny a Colo. R. Crim.P. 35 motion if the motion does not specify facts from which the court can discern any basis for a constitutional claim. The Court of Appeals's decision does not rest on entirely independent state law grounds because the Colorado Court of Appeals had to look to federal law to determine whether [Applicant's] factual allegations would support a federal due process claim. Thus, although the dismissal was pursuant to a state procedural rule, the application of that rule incorporated federal law.

*Weatherall,* 415 F. App'x at 849 n. 3.

The unpublished *Weatherall* opinion is not precedential, but can be considered for persuasive value. *See* 10th Cir. R. 32.1(A). Despite this and other citations from the unpublished cases, the Court is not persuaded that in the specific factual circumstances of this case that Mr. Gregg's IAC claim should be considered adjudicated on the merits in state court. The procedural posture and specific factual circumstances of Mr. Gregg's case implicates significant equitable concerns discussed in *Martinez*. In his

8

postconviction proceeding, Mr. Gregg proceeded *pro se* and attempted to plead an IAC claim. The trial court denied his claim, without a hearing and without appointing counsel, stating that: "Defendant has failed to offer any specific description of the facts which support this alibi defense, nor has he provided any exhibits or affidavits that would support the existence of an alibi defense." (Doc. # 19-1 at 5–6). After the trial court's dismissal, and with the information provided in the trial court's written order as to why his claim was dismissed (his failure to offer specific facts), Applicant appealed the dismissal (again *pro se*), but this time included a specific description of facts which supported his claim and alibi defense. Despite providing specific facts, the CCA refused to consider them because they were not included in his original *pro se* 35(c) motion. Under these specific circumstances, Mr. Gregg's *pro se* ignorance of pleading standards has resulted in his IAC claim never receiving proper consideration. The Respondents' argument that the claim was adjudicated on the merits because it was dismissed as "vague and conclusory" is not persuasive when Mr. Gregg provided additional specific factual allegations as soon as he was made aware that such specifics were necessary. As the *Martinez* Court stated:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

*Martinez v. Ryan*, 566 U.S. 1 at 13–14.

Furthermore, it is unsettling that if we accept the Respondents' position, Mr. Gregg would be in a better situation currently if he had never even attempted to assert an IAC claim as to the first robbery.  In such a case, the IAC claim would be unexhausted and anticipatorily defaulted in state court (similar to his IAC claim for the third bank robbery) and, thus, he might be entitled to a merits-based review of the claim in federal court if he could meet the demanding requirements of *Martinez v. Ryan*.

However, because he was proceeding *pro se*, he was unable to artfully plead his IAC claim in his postconviction motion.  As a result, the trial court determined it was "vague and conclusory."  The trial court did not provide him with an opportunity to amend his postconviction motion.  As such, he never had a chance to demonstrate that he had specific factual allegations that were not "vague and conclusory."  It would not serve the equitable rationale of *Martinez* to conclude that the state court's decision that his inartfully pled *pro se* claim was "vague and conclusory" constituted a decision on the merits.  It is undisputed that no state court ever considered his specific factual allegations of his IAC claim, which were included in his *pro se* state postconviction appellate brief.  As Justice Breyer stated in dicta in *Gallow v. Cooper*, 133 S. Ct. 2730, 2731 (Breyer, J.): "[W]here state habeas counsel deficiently neglects to bring forward 'any admissible evidence' to support a substantial claim of ineffective assistance of trial counsel [or where there is no counsel at all], there seems to me to be a strong argument that the state habeas counsel's ineffective assistance results in a procedural default of that claim."

As such, Respondents' Motion to Vacate Evidentiary Hearing and Rule on Claim is also denied as to Respondents' request to rule on the claim relating to Mr. Gregg's IAC claim for the first robbery.

### III. CONCLUSION

Accordingly, it is ORDERED that Respondents' Motion to Vacate Evidentiary Hearing and Rule on Claim (Doc. # 34) is DENIED in part as to its request that the Court rule on the claim. It is

FURTHER ORDERED that Counsel shall contact chambers within fourteen (14) days to re-schedule the evidentiary hearing date.

DATED: January 17, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge